[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 03-11377

_____

D. C. Docket No. 02-00041-CR-1-MMP

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 12, 2004**
**THOMAS  K. KAHN**
**CLERK**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY J. USCINSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of  Florida

_____

**(May 12, 2004)**

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

PER CURIAM:

In 2002, Appellant Henry Uscinski pleaded guilty to violating 26 U.S.C. § 7201 by filing a false tax return for the 1996 tax year in which he knowingly understated his taxable income by $1,551,863. At sentencing, the district court enhanced Uscinski's sentence for obstruction of justice and fined Uscinski $250,000. Uscinski appeals the enhancement and the amount of the fine. We affirm, except we vacate and remand on the amount of the fine.

BACKGROUND

In January 1996, Appellant Henry Uscinski began representing Claude Louis DuBoc in extradition proceedings. The government had informed Uscinski that all of DuBoc's funds were drug-tainted and forfeitable to the United States. In May 1996, DuBoc gave Uscinski authority to handle DuBoc's financial affairs with respect to DuBoc's account in Austria. Between August and November 1996, Uscinski withdrew for his personal use approximately $1,500,000 from DuBoc's account. Uscinski then transferred those funds to various banks. Uscinski did not report the funds as income on his 1996 federal income tax return.

In 1997, the government began investigating the existence of DuBoc's previously unknown Austrian bank account. During that investigation, the government learned of Uscinski's control over the account and his transfers of funds. The government also found a letter from another of DuBoc's attorneys to Uscinski with an article on countries having lax money laundering regulations.

Thereafter, the government asked Uscinski about the Austrian account. Uscinski lied about the location of the money transferred and about the purpose of the transfers -- stating that the money was used to support DuBoc's family. Based on that conversation, the government, with the help of foreign governments, traced the money to determine if it had been used for DuBoc's family -- it had not. Instead, the government discovered that the money had been used for Uscinski's personal benefit.

Thereafter, the government charged Uscinski with tax evasion, and he pleaded guilty to the offense. Uscinski's Pre-Sentencing Investigation report recommended a two-level increase for obstruction of justice and stated that $250,000 was the statutory maximum fine. The district court sentenced Uscinski to 42-month's imprisonment and a $250,000 fine.

DISCUSSION

Uscinski argues that the district court erred in imposing an enhancement for obstruction of justice because (1) the district court did not enter specific findings of fact; (2) Uscinski's acts did not obstruct justice; and (3) imposition of the enhancement amounts to impermissible double counting. When a district court imposes an enhancement for obstruction of justice, this Court reviews the district court's factual findings for clear error and its application of the sentencing guidelines to those facts de novo. 18 U.S.C. § 3742; United States v. Bradford, 277 F.3d 1311, 1315 (11th Cir. 2002).

Sentencing Guidelines § 3C1.1 provides for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. And application note 4(g) mandates the enhancement if a defendant made a material false statement to a law enforcement officer and that statement significantly obstructed or impeded the investigation. Id. comment. (n.4(g)).

I.    Findings of Fact.

Uscinski first argues that the district court erred in applying an obstruction enhancement because the court failed to make adequate findings of fact. To permit meaningful appellate review, a district court should make specific findings of fact when applying § 3C1.1. United States v. Alpert, 28 F.3d 1104, 1107-08 (11th Cir. 1994) (en banc). For false statements, a district court "must find that the statements were false and material" and "must also explain how the statements significantly obstructed or impeded the investigation or prosecution of the offense." Id. But a remand is unnecessary if the record clearly reflects the basis for enhancement. United States v. Taylor, 88 F.3d 938, 944 (11th Cir. 1996).

In this case, the record clearly reflects the basis for the district court's enhancement: the enhancement was based upon Uscinski's statements that the money had been transferred to support DuBoc's family. Uscinski does not dispute that his statements were false and material. Therefore, we need not remand for additional findings.

II.    Obstruction of Justice.

Uscinki next argues that his false statements did not obstruct the government's investigation.  Although a defendant's denial of guilt will not support an enhancement for obstruction, Uscinski's statement was more than a denial of guilt:  Uscinski's statements caused the government to take the additional and unusual step of having foreign governments trace the $1,551,863 to determine if the money went to DuBoc's family.  See United States v. Salemi, 26 F.3d 1084, 1088 (11th Cir. 1994) (concluding that defendant's false statements were not merely denials of guilt because they were made to impede and misdirect the government's investigation).  Because Uscinski did not simply deny his guilt, but instead concocted a false, exculpatory story that misled the government, the district court did not err concluding that Uscinski significantly obstructed justice.

III.    Double Counting.

Uscinski also argues that the district court erred in applying the enhancement for obstruction because doing so amounted to impermissible double

counting.  Uscinski argues that double counting occurred because his false statements were part of his offense of tax evasion.

This Court reviews <u>de novo</u> a claim of double counting.  <u>United States v. Naves</u>, 252 F.3d 1166, 1168 (11th Cir. 2001).  Impermissible double counting occurs "when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  <u>Id.</u>  "Double counting is permitted if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions related to sentencing."  <u>Id.</u> (citation and quotations omitted). "Absent a specific direction to the contrary, we presume that the Sentencing Commission intended to apply separate guideline sections cumulatively."  <u>Id.</u>

The guideline calculation for tax evasion, U.S.S.G. § 2T1.1, does not take into account Uscinski's statements because those statements were not part of Uscinski's offense of tax evasion under 26 U.S.C. § 7201.  Section 7201 states:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

7

26 U.S.C. § 7201.  Under § 7201, false statements are sometimes part of the offense of tax evasion.  See United States v. Winfield, 960 F.2d 970, 973 (11th Cir. 1992) (per curiam) (stating that under § 7201, for tax evasion involving failure to file a return, a false statement made after the date the return was due is an affirmative act of evasion).  But, under § 7201, when tax evasion involves the filing of a fraudulent tax return, the offense is complete upon filing.  Sansone v. United States, 85 S.Ct. 1004, 1011 (1965).[*]  Because Uscinski's tax evasion was complete upon the filing of his tax return, his false statements to the government were not a continuation of his crime.

Furthermore, Uscinski's false statements involved a notion conceptually separate from tax evasion.  Uscinski made his statements in an effort to prevent the government from discovering his tax evasion.  This obstruction of justice is a harm "separate and distinct" from the "obstruction of the collection of revenue."  United States v. Sabino, 307 F.3d 446, 451 (6th Cir. 2002) (concluding that no impermissible double counting occurred by imposing an enhancement for obstruction of justice in a tax evasion case).  Finally, the sentencing guidelines do

---

[*] We read Winfield narrowly to prevent it from conflicting with Sansone.  Winfield's application is limited to § 7201 evasions involving failure to file a tax return.  Where a tax return has been filed, Sansone applies; and the tax evasion is complete upon filing.

8

not specifically prohibit, in tax evasion cases, an enhancement for obstruction of justice based upon false statements to law enforcement.

Because Uscinski's false statements were not part of his offense of tax evasion, the enhancement for obstruction of justice does not amount to impermissible double counting. Therefore, the district court did not err in applying an enhancement under § 3C1.1.

## CONCLUSION

The record shows that Uscinski's false statements significantly obstructed the government's investigation of DuBoc's Austrian account. And those false statements were not a part of Uscinski's offense of tax evasion. Because the record supports a § 3C1.1 enhancement for obstruction and because that enhancement does not amount to double counting, we affirm the district court's 2-level enhancement for obstruction of justice.

Uscinski also appeals the $250,000 fine, arguing that the district court erred in imposing a fine in excess of the guideline range. The government agrees that the district court erred in imposing a $250,000 fine. Therefore, we accept the concession of error and vacate and remand for resentencing on this issue.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.