[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 05-14985
Non-Argument Calendar
_____

D. C. Docket No. 05-00027-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAYTRENA J. FRANCIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

**(September 14, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Kaytrena J. Francis appeals her 24-month term of probation for resisting an

officer, 18 U.S.C. § 111, and disorderly conduct, 18 U.S.C. §§ 7, 13, Fla. Stat. Ann. § 877.03, arguing that the district court failed to make sufficient findings to support a sentence enhancement for obstruction of justice and two conditions of her probation are unconstitutional delegations of judicial authority.

First, Francis argues that the district court did not make sufficient findings concerning her sentence enhancement for obstruction of justice. The standards for reviewing the application of the Sentencing Guidelines before United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), apply after it as well. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under Booker still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before Booker." Id. at 1178-79 (citation omitted). We review a district court's factual findings regarding the imposition of an enhancement for obstruction of justice for clear error and the district court's application of the factual findings to the guidelines de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). "Where . . . the district court must make a particularized assessment of the credibility or demeanor of the defendant, such as when applying the obstruction of justice enhancement for perjury, we accord special deference to the district court's credibility determinations, and we

2

review for clear error." United States v. Banks, 347 F.3d 1266, 1269 (11th Cir. 2003).

Though the district court should make specific findings "as to each alleged instance of obstruction by identifying the materially false statements individually. . . . a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002) (quotations and citations omitted). "Four elements must be present in order for a court to make a finding that a defendant perjured himself: (1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." Singh, 291 F.3d at 763 n.4. "Materiality" under this Guideline is "evidence, fact, statement, or information, that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n.6. Even if a district court fails to make specific findings, "a remand is unnecessary if the record clearly reflects the basis for enhancement." See United States v. Uscinski, 369 F.3d 1243, 1246 (11th Cir. 2004).

Pursuant to U.S.S.G. § 3C1.1, a defendant may qualify for a two-level enhancement if he or she "willfully obstructed or impeded, or attempted to obstruct

3

or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . . ." U.S.S.G. §3C1.1. One may obstruct or impede justice by "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, cmt. n.4(b). Perjury has been defined, for the purpose of applying this enhancement, as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993).

The district court's general finding that Francis committed perjury is sufficient to support the application of the enhancement. First, Francis testified under oath at her trial. Second, the record is sufficient to show that many of her statements were false compared with the testimony, which the court, construing the evidence consistently with the jury's verdict and findings, believed to be true. Francis testified that she did not: point at Major Young and threaten her while talking to Lieutenant Eskridge; did not refuse to allow officers to handcuff her; and did not fold her arms in response to their requests to turn around, flail her arms, repeatedly scream "rape" and "harassment," or try to bite Tech. Sergeant Dillon. Francis's testimony was directly contradicted at trial by Eskridge, Master Sergeant Shepard, and Dillon's testimony that she tried to bite Dillon, flailed her arms,

4

folded her arms to make it difficult to cuff her, refused to turn around to be cuffed, repeatedly screamed "rape" and "harassment," and threatened Young. As the jury had to believe at least some of the behavior about which Eskridge, Shepard, and Dillon testified regarding the resisting and disorderly conduct charges, then at least some of Francis's testimony, which largely contradicted that testimony, is false. Third, Francis's false testimony about not resisting arrest or conducting herself in a disorderly manner was material as the precise issues under consideration at trial were whether Francis's conduct was disorderly and whether she resisted arrest. Lastly, the district court noted that Francis's testimony was plagued with contradictions with the other trial evidence. Her testimony consistently maintained that she was not responsible for the initial altercation, its escalation, or her eventual forcible arrest. Because her testimony was consistent, it cannot be said to the result of confusion or a mistake. Further, because she testified to a complete series of events, her testimony does not appear to be the result of a faulty memory. Thus, the district court's findings concerning the obstruction of justice enhancement were not clearly erroneous. Accordingly, we affirm on this issue.

Next, Francis argues that the conditions of her probation requiring her to undergo mental health counseling and notify third parties of the risks associated with her criminal record, both at the discretion of her probation officer, are

5

improper delegations of judicial authority. Because Francis did not object to the conditions of her supervised release, we will only reverse for plain error. United States v. Zinn, 321 F.3d 1084, 1088 (11 th Cir. 2003). To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. United States v. Olano, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed. 2d 508 (1993). An error is not plain "unless the error is clear under current law." Id. at 734, 113 S.Ct. at 1777. If these criteria are met, this Court may, in its discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).

In United States v. Heath, 419 F.3d 1312 (11th Cir. 2005), the district court imposed a condition of supervised release that read as follows: "The defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist to include residential treatment, outpatient treatment, and psychotropic medications as prescribed by a medical doctor." Id. at 1314. We found the provision to be an improper delegation to the program professionals of the supervision of Heath's participation in the mental health program, as well as an improper delegation to the probation officer

6

of the ultimate decision of whether or not Heath was to participate at all in the program. Id. at 1314-15. Because requiring that a defendant participate in mental health counseling is "unquestionably a judicial function," the error was plain. Id. at 1315. Further, it affected Heath's sentence because it surely would not have been the same but for the error. Id. at 1315-16. Additionally, a "plainly erroneous condition of supervised release will inevitably affect substantial rights, as a defendant who fails to meet that condition will be subject to further incarceration." United States v. Pruden, 398 F.3d 241, 251 (3d Cir. 2005).

Francis's initial conditions of probation provided: "As deemed necessary by the Probation Officer, the defendant shall participate in a program of mental health treatment." This provision left the decision of whether Francis participate in counseling to her probation officer. As such, it delegated authority to require mental health counseling, an authority that belongs to the court, not to the probation officer. The district court plainly erred in imposing the condition. However, after finding that Francis violated other probation conditions, the district court ordered Francis to participate in mental health and anger management counseling arranged by the probation officer. As the district court has ordered counseling, the decision no longer rests with the probation officer and no longer runs afoul of Heath.

Turning to Francis's second argument about the improper delegation of authority to the probation officer, we hold that the district court did not err. In United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006), the district court imposed the same condition of supervised release that read as follows:

> As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and conform the defendant's compliance with such notification requirement.

We held that the provision was not an improper delegation of a judicial function to a probation officer. Id. at 1306. Though the probation officer directs "when, where, and to whom notice must be given," he had no control over whether Nash had to provide notice at all. Id. The standard condition only directed the probation officer to oversee Nash's sentence, not determine it. Id. The condition of Francis's probation concerning notification of third parties as to her criminal history was identical to the condition analyzed in Nash. Further, the guidelines specifically recommend the inclusion of an identical standard condition. Thus, the district court did not err in including the standard condition as a condition of Francis's probation. Accordingly, we affirm.

**AFFIRMED.**

8