[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13485
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00134-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO GARCIA,
a.k.a. Alfredo Garcia-Perez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 16, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Alfredo Garcia appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. Garcia asserts there was insufficient evidence to support his conviction because the only evidence against him was the testimony of a co-conspirator, Jose Guajardo-Reyes, Jr., who testified in hope of receiving a more lenient sentence. Garcia further asserts the district court erred in applying the two-point enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Garcia contends the record does not support a conclusion he escaped or attempted to escape from custody prior to sentencing, because he was mistakenly released from custody after his conviction. We affirm Garcia's conviction and sentence.

## I. DISCUSSION

A. *Sufficiency of evidence*

Garcia asserts the only witness against him was Guajardo, who admitted to three prior convictions and was in a plea agreement with the Government to testify against Garcia in the hopes of receiving a more lenient sentence. Garcia contends Guajardo's testimony was insufficient to convict him of conspiracy to distribute and possess with intent to distribute marijuana.

We review *de novo* whether sufficient evidence supports a conviction, inquiring whether, after viewing the evidence in the light most favorable to the

government, any reasonable jury could have found the essential elements of a crime beyond a reasonable doubt. *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002). Determinations of the credibility of witnesses fall within the exclusive province of the jury and may not be revisited unless the testimony is "incredible as a matter of law." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir.1997). Testimony is incredible as a matter of law if it is "unbelievable on its face" or includes "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.*

Guajardo's testimony was not incredible as a matter of law. He testified to matters he observed, and, in addition, the jury was aware of both Guajardo's criminal history and his plea agreement with the Government. Moreover, Garcia's own post-arrest statements bolstered Guajardo's testimony that it was Garcia who introduced Guajardo to Frank Enriquez-Pina for the purpose of obtaining 200 pounds of marijuana and was present during the negotiations between Guajardo and Enriquez for the purchase of the drugs. Garcia's own statements also corroborated Guajardo's testimony that Garcia (1) arranged for transportation from Texas to Pensacola, (2) traveled with Guajardo to Pensacola, and (3) met with and spoke to Enriquez about the delivery of drugs. It was not unreasonable for the jury

3

to find Guajardo's testimony was credible because it was corroborated by other evidence.

In order to sustain a conspiracy conviction under § 846, the Government must have offered sufficient evidence to prove, beyond a reasonable doubt (1) an illegal agreement existed to possess with intent to distribute marijuana; (2) Garcia knew of it; and (3) Garcia knowingly and voluntarily joined the agreement. *See Charles*, 313 F.3d at 1284. Based on Guajardo's testimony and Garcia's own statements, there was sufficient evidence to prove an illegal agreement existed, Garcia knew of the essential nature of it, and was a knowing and willing participant. Thus, there was sufficient evidence to convict Garcia of conspiracy to distribute and possess with intent to distribute marijuana

B. *Obstruction of justice*

Garcia asserts the record does not support a conclusion that he escaped or attempted to escape from custody prior to sentencing. He asserts he was (1) inadvertently released by Escambia County Jail officials; (2) he returned to San Antonio, Texas, and contacted his attorney; (3) counsel for Garcia made several phone calls to the U.S. Marshals Office in Pensacola, but was told that Garcia was still in their custody, and (4) after Garcia and his girlfriend married, the U.S.

Marshals Office was informed where Garcia could be located, and he was subsequently arrested without incident.

When a district court imposes an enhancement for obstruction of justice, we review the district court's findings of fact findings for clear error and its application of the Sentencing Guidelines to the facts *de novo*. *United States v. Uscinski*, 369 F.3d 1243, 1246 (11th Cir. 2004). According to § 3C1.1, a two-level enhancement is proper, if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1.[1]

The Commentary provides "a non-exhaustive list of examples of the types of conduct to which this adjustment applies." U.S.S.G. § 3C1.1, comment. (n.4). An example of the type of conduct for which the enhancement applies is "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." *Id.*, comment. (n.4(e)). The Commentary also provides a non-exhaustive list of the types of conduct that do not warrant an application of the enhancement. *Id.*, comment. (n.5). An example from this list includes "avoiding or fleeing from arrest," unless the defendant "recklessly

---

[1] Garcia was sentenced under the November 1, 2005 version of the Guidelines manual. Thus, all citations of the Sentencing Guidelines refer to the 2005 version.

created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.1, comment. (n.5(d)); U.S.S.G. § 3C1.2. "Obstructive conduct can vary widely in nature, degree of planning, and seriousness," and the Commentary instructs performing a comparison of the conduct at hand to the conduct in the non-exhaustive lists in Application Notes Four and Five to "assist the court in determining whether application of this adjustment is warranted in a particular case." U.S.S.G. § 3C1.1, comment. (n.3).

The district court did not err in enhancing Garcia's sentence for obstruction of justice under § 3C1.1. The court was understanding of Garcia's travel to Texas and his subsequent marriage, but found his failure to turn himself in afterwards inexcusable. The court found that his conduct created unnecessary risk when he caused the marshals to go into a house after him. Although Garcia argues his behavior was not *per se* escaping, the Commentary to the provision specifically states the examples in Application Notes Four and Five are "non-exhaustive" and when determining whether to apply the provision, the court should compare the type of behavior at hand to the type of behavior either warranting or not warranting an enhancement. Although it is true Garcia did not escape from custody, he did not turn himself back over to authorities for 15 days while he remained at large

6

after his release. In addition, even after arrangements were made for his surrender, he continued to elude authorities for several more days. It was only after the marshals placed surveillance on his aunt's home that he was finally apprehended. Garcia's post-conviction conduct caused the Government to take the additional steps of tracking him down, placing surveillance on his aunt's home, and re-apprehending him, and the conduct is the type of conduct that warrants application of the adjustment.

## II. CONCLUSION

Sufficient evidence supports Garcia's conviction. Additionally, the district court did not err in applying the enhancement for obstruction of justice. We affirm Garcia's conviction and sentence.

**AFFIRMED.**