[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17024
Non-Argument Calendar

_____

D. C. Docket No. 04-00011-CR-WTM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEYON MALIK HERRING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 8, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Teyon Malik Herring ("Herring") appeals his guilty-plea conviction for possession with intent to distribute approximately twelve kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), and his 121-month sentence. On appeal, Herring argues that the district court erred in denying his motion to withdraw his guilty plea. Herring also contends that the district court clearly erred in enhancing his sentence for obstruction of justice under U.S.S.G. § 3C1.1 because the record did not show that Herring testified untruthfully as to any material issue.

## A. Denial of Herring's Motion to Withdraw His Guilty Plea

Herring first argues that the district court erred in denying his motion to withdraw his guilty plea. Herring had agreed to plead guilty based upon the explanation of retained counsel, Clyde Taylor, that Herring should plead guilty as a delaying tactic to give counsel time to investigate and prepare for a suppression hearing and trial. Herring contends that his plea was thus unknowing and unintelligent because he did not receive reasonably effective assistance of counsel. He adds that judicial resources were not conserved because, if the district court denied his motion to suppress, he would have again pleaded guilty. Although the district court found prejudice to the government, the government had already prepared its case and was not relying upon any civilian witness who might lose

2

memory or disappear. Herring concludes that Taylor, not Herring, was responsible for the delay because Taylor made misleading statements and promises, and Herring timely notified the district court of his desire to withdraw his plea.

We will disturb a district court's decision to deny a defendant's motion to withdraw a guilty plea only when it constitutes an abuse of discretion. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996). A decision is not an abuse of discretion unless it is arbitrary or unreasonable. *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003).

After the district court has accepted a defendant's plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The provisions of this rule should be "liberally construed." *McCarty*, 99 F.3d at 385.[1] However, "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide." *United States v. Buckles*, 843 F.2d 469, 472 (11th

---

[1] *McCarty* interpreted former Criminal Rule 32(e), which is now found at Rule 11(d) (pre-sentence withdrawal of guilty plea) and 11(e) (post-sentence withdrawal). *See* 2002 Advisory Committee Notes to Fed. R. Crim. P. 11. Further, "[p]rior to amendments to the Federal Rules of Criminal Procedure effective December 1, 2994, Fed. R. Crim. P. 32(e) was Fed. R. Crim. P. 32(d)." *McCarty*, 99 F.3d at 385 n.1.

Cir. 1988).

In determining if the defendant has met his burden for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id*. at 471-72 (citations omitted). Where a defendant has not satisfied the first two prongs of the analysis, we need not give considerable weight to the last two. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). "There is a strong presumption that the statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

We conclude from the record that under the first prong of the analysis, Herring had the close assistance of counsel, who met with Herring at least six to eight times and explained the plea agreement to him. Regarding the second prong, Taylor testified that he advised Herring that the option of withdrawing a guilty plea was "no delaying tactic." There is a strong presumption that Herring's

4

acknowledgment of his understanding and his statements as to his communications with the attorney are true, and we defer to the district court's credibility determination in favor of Taylor.

In light of Taylor's testimony, the plea colloquy, and the length of time between the entry of the plea and Herring's motion to withdraw it, we conclude that the district court's decision was not unreasonable. Consequently it was not an abuse of discretion, and we affirm Herring's conviction.

## B. U.S.S.G. § 3C1.1 Enhancement

Herring next argues that the district court clearly erred in enhancing his sentence for obstruction for justice under U.S.S.G. § 3C1.1 because the record did not show that Herring testified untruthfully as to any material issue. Herring claims that § 3C1.1 is not designed to punish a defendant for pleading not guilty or for moving to withdraw a guilty plea.

The standards for reviewing the application of the Guidelines before the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), decision apply after *Booker* as well. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under *Booker* still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before *Booker*."

*Id.* at 1178-79.  We review a district court's factual findings regarding the imposition of an enhancement for obstruction of justice for clear error and the district court's application of the factual findings to the guidelines *de novo*.  *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).  "Where . . . the district court must make a particularized assessment of the credibility or demeanor of the defendant, such as when applying the obstruction of justice enhancement for perjury, we accord special deference to the district court's credibility determinations, and we review for clear error."  *United States v. Banks*, 347 F.3d 1266, 1269 (11th Cir. 2003).

Pursuant to U.S.S.G. § 3C1.1, a defendant may qualify for a two-level enhancement:

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to ) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense. . . .

U.S.S.G. § 3C1.1.  One may obstruct or impede justice by "committing, suborning, or attempting to suborn perjury."  U.S.S.G. § 3C1.1, cmt. 4(b).  Perjury has been defined, for the purpose of applying this enhancement, as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  *United States v.*

6

*Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 122 L. Ed. 2d 445 (1993).

Though "the district court should make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually . . . , a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quotations and citations omitted). "Four elements must be present in order for a court to make a finding that a defendant perjured himself: (1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." *Id.* at 763 n.4. "Material" evidence under this Guideline is "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. 6. Even if a district court fails to make specific findings, "a remand is unnecessary if the record clearly reflects the basis for enhancement." *See United States v. Uscinski*, 369 F.3d 1243, 1246 (11th Cir. 2004).

In this case, we conclude that the district court did not clearly err. The record supports that Herring committed at least two instances of perjury regarding: (1) whether he understood the charges, and (2) whether he was coerced or bribed

by counsel.

Because the district court did not clearly err in determining that Herring provided false testimony, the next issue to consider is whether the statements were material. Under the low threshold for materiality under the commentary to § 3C1.1, we conclude that Herring's false testimony that Taylor advised him to plead guilty as a stalling tactic was material. For the above-stated reasons, we affirm Herring's sentence.

**AFFIRMED.**