[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2007
THOMAS K. KAHN
CLERK

No. 06-16066

_____

D.C. Docket No. 06-60127-CR-CMA

UNITED STATES OF AMERICA,

                                                         Plaintiff-Appellee,

versus

JESUS FRANCISCO FRIAS,

                                                         Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 5, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and ALBRITTON,* District
Judge.

---

* Honorable William H. Albritton, III, United States District Judge for the Middle District
of Alabama, sitting by designation.

PER CURIAM:

Appellant Jesus Francisco Frias appeals his convictions and sentence of 147 months imprisonment for conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951; carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii); and possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g)(1).

Frias argues that (1) there was an impermissibly suggestive in-court identification of him at trial; (2) evidence pertaining to uncharged offenses was erroneously admitted in violation of the Federal Rules of Evidence, (3) there was insufficient evidence to sustain his convictions, and (4) the district court erred when it applied a sentencing enhancement for obstruction of justice. We discuss each argument in turn, and affirm the convictions and sentence.

A determination that an identification procedure was not impermissibly suggestive is reviewed for clear error. United States v. Diaz, 248 F.3d 1065, 1103 (11th Cir. 2001). A suggestive identification can, under the totality of the circumstances, nonetheless be reliable. Id.

The victim-witness whose in-court identification Frias challenges also identified Frias during a photographic line-up before trial. Frias challenges only

the in-court identification as being impermissibly suggestive. The district court did not clearly err in admitting the in-court identification. Furthermore, the in-court identification was reliable because the pre-trial identification "ensured the reliability of the . . . in-court identification." Code v. Montgomery, 725 F.2d 1316, 1320 (11th Cir. 1984).

The United States also introduced at trial evidence of a separate theft of guns that preceded the charged conduct, and of a separate attempted armed robbery that followed the charged conduct. Frias argues that this evidence was inadmissible under Rule 404(b) of the Federal Rules of Evidence.

The admission of extrinsic crimes evidence under Rule 404(b) is reviewed for an abuse of discretion. United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). Under Rule 404(b), evidence must be relevant to an issue other than the defendant's character, the probative value of the evidence must not be substantially outweighed by undue prejudice, and there must be sufficient proof so that a jury could find that the defendant committed the uncharged misconduct. Id.

The evidence of the uncharged offenses which preceded and which followed the conduct charged in this case was probative of Frias' intent and identity, issues contested at trial, because, among other reasons, it concerned weapons involved in all three offenses. There also was sufficient evidence that the defendant

3

committed the uncharged conduct, and there has been an insufficient showing of undue prejudice. Therefore, there was no abuse of discretion in the admission of the evidence of the uncharged offenses pursuant to Rule 404(b).[1]

Frias challenges the sufficiency of the evidence to serve as a basis for his convictions, arguing that his alibi was supported by trustworthy witnesses, while the government witnesses who identified him as being part of the charged conduct gave confusing and inconsistent accounts.

The sufficiency of the evidence supporting a criminal conviction is a question of law, reviewed de novo. United States v. Diaz, 248 F.3d 1065, 1084 (11th Cir. 2001). Credibility determinations are within the exclusive province of the jury. See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997). Unless testimony is incredible as a matter of law, that is, unbelievable on its face, this court must accept the credibility determination by the jury. Id.

Neither the nature of the government witnesses' testimony in this case, Frias's testimony, nor the testimony of his alibi witnesses rendered the testimony of the government witnesses regarding Frias's participation in the crimes incredible as a matter of law. Based upon de novo review of the record, the court

---

[1] Frias also refers to Rule 403 in his brief. To the extent he has challenged the admissibility of the evidence pursuant to Rule 403 in addition to Rule 404(b), there has been an insufficient showing of prejudice under Rule 403.

concludes there was sufficient evidence upon which to base Frias's convictions.

Finally, Frias argues that the application of a two-level obstruction of justice enhancement in the calculation of his sentence was improper because it was based on his own testimony, which he had a constitutional right to provide, and because his alibi was corroborated by several other witnesses.

When a district court imposes an enhancement for obstruction of justice, we review the court's factual findings for clear error and review de novo the application of the sentencing guidelines to the facts. United States v. Uscinksi, 369 F.3d 1243, 1246 (11th Cir. 2004). "It is well established that a criminal defendant's right to testify does not include the right to commit perjury." LaChance v. Erickson, 522 U.S. 262, 266, 118 S. Ct. 753, 756 (1998). The district court did not clearly err in finding that Frias had deliberately testified falsely, so that a two-level enhancement for obstruction of justice was appropriate under the sentencing guidelines. See U.S.S.G. § 3C1.1.

For the foregoing reasons, Frias's convictions and sentence are

**AFFIRMED**.