[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15614
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:09-cr-00063-JRH-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY MAX RUSHEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 16, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.


PER CURIAM:

Henry Max Rushen appeals his convictions and 144-month total sentence for armed robbery of a federally insured credit union, 18 U.S.C. § 2113(a), (d), and carrying, using, and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). No reversible error has been shown; we affirm.

We first address Rushen's argument that the district court erred in denying his Batson[1] challenge to the government's use of peremptory strikes against four African-American venire members.[2] We review for clear error a district court's determination that peremptory strikes were exercised in a race-neutral way. United States v. Edouard, 485 F.3d 1324, 1341 (11th Cir. 2007).

Under the three-step Batson analysis, (1) the party objecting to the strike "must make a prima facie showing that the peremptory challenge is exercised on the basis of race";[3] (2) the striking party then has the burden to "articulate a race-neutral explanation for striking the jurors in question"; and (3) the "court must determine whether the objector has carried its burden of proving purposeful

_____

[1]Batson v. Kentucky, 106 S.Ct. 1712 (1986).

[2]At trial, Rushen objected to five of the government's peremptory strikes. Because he challenges only four of these strikes on appeal, he has abandoned his challenge to the government's fifth strike. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

[3]Because the district court ruled on the ultimate issue of intentional discrimination, the issue of whether Rushen established a prima facie case is moot. See United States v. Houston, 456 F.3d 1328, 1336 (11th Cir. 2006).

discrimination." United States v. Allen-Brown, 243 F.3d 1293, 1297 (11th Cir. 2001). Any plausible reason can satisfy the striking party's burden, including reasons deemed "superstitious, silly, or trivial," as long as the reason is race-neutral. United States v. Walker, 490 F.3d 1282, 1293 (11th Cir. 2007). "[I]f the prosecutor's stated reason for striking black venire members applies with equal force to white venire members, and the similarly situated white members are not struck, that is evidence tending to prove purposeful discrimination at Batson's third step." United States v. Houston, 456 F.3d 1328, 1338 (11th Cir. 2006).

In response to Rushen's Batson challenge, the government explained that it struck the four venire members because they watched reality legal television shows such as "Judge Mathis," "Judge Hatchett," and "the People's Court," which the government distinguished from fictional legal shows such as "CSI" and "Law and Order." In addition, the government explained that it struck one of the four venire members because she had worked for the Internal Revenue Service ("IRS"), and another because she appeared disinterested in the proceedings. The district court determined that the government's proffered reasons were race-neutral.

Rushen argues that the government's reason for striking these venire members was pretextual because it applied with equal force to six white venire

members who also watched legal television shows but who were not struck.[4]  We will assume -- without deciding -- that Rushen preserved this argument by sufficiently raising it below.[5]  Although these six venire members watched legal television shows, they stated that they watched fictional legal shows, and did not specify that they watched "Judge Mathis," "Judge Hatchett," or "the People's Court."  Thus, because these white venire members were not similarly situated to the stricken venire members, Rushen fails to demonstrate evidence of purposeful discrimination.  See Houston, 456 F.3d at 1338.

Next, Rushen challenges the admission of evidence of his cocaine use on the morning of the robbery under Federal Rules of Evidence 404(b) and 403.  Because Rushen failed to object contemporaneously to the evidentiary ruling at trial, our review is only for plain error.  See United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007).

---

[4]On appeal, Rushen argues that a total of eight white venire members watched legal television shows.  But because he failed to identify two of these venire members below, we will not consider them part of his argument.  See Houston, 456 F.3d at 1338.  For the same reason, we also will not consider Rushen's argument, raised for the first time on appeal, that the government's reason for striking the former IRS employee applied with equal force to a white government employee who was not struck.  See id.

[5]Although Rushen did not raise this basis for his Batson objection at trial, he did so in his motion for new trial.

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). But evidence of other uncharged crimes may be admissible if it "pertain[s] to the chain of events explaining the context, motive, and set-up of the crime," and is "linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." Edouard, 485 F.3d at 1344 (alteration omitted). Even if admissible under Rule 404(b), evidence must still satisfy the admissibility requirements of Rule 403. See id.

Under Rule 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403. "But 'Rule 403 is an extraordinary remedy, which should be used only sparingly,' and the balance 'should be struck in favor of admissibility.'" Edouard, 485 F.3d at 1344 n.8 (alterations omitted).

We see no plain error in the district court's determination that evidence of Rushen's cocaine use was admissible. The evidence was necessary to complete the story of the crime because it rebutted Rushen's arguments that he had been too tired to rob the credit union after working the night shift and that he did not need

money because he had just been paid that morning. Thus, the evidence was admissible under Rule 404(b). See Edouard, 485 F.3d at 1344. Moreover, the highly probative value of this evidence outweighed its prejudicial impact such that the evidence was also admissible under Rule 403.

Rushen also argues that the green latex gloves -- obtained from his employer as demonstrative evidence -- should have been excluded under Rule 403 because they had the potential to confuse the jury and were unfairly prejudicial. Because Rushen challenged the district court's evidentiary ruling at trial, we review it for abuse of discretion. United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005).

Two robbery witnesses described the robber as wearing green gloves similar to those obtained from Rushen's employer. Thus, the gloves were probative of Rushen's identity as the robber. In addition, the court minimized the risk of jury confusion by issuing a limiting instruction. Based on this record, we cannot conclude that the district court abused its discretion in admitting the gloves into evidence.

We also reject Rushen's claim that there was insufficient evidence for the jury to conclude that he was the man who robbed the credit union. We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the

light most favorable to the government. United States v. Jones, 601 F.3d 1247, 1267 (11th Cir. 2010). Several witnesses identified Rushen as the robber. Two robbery witnesses identified Rushen out of a photographic lineup as the robber and a third witness picked Rushen out of a lineup as the man she saw pulling out of the credit union parking lot just after the robbery. Five other witnesses, each of whom had known Rushen for years, also identified Rushen as the robber based on a still photograph from the credit union's surveillance video. In addition, three of Rushen's fellow inmates testified that Rushen had confessed to committing the robbery while he was in jail awaiting trial. This evidence was sufficient to support the jury's verdict.

We now address Rushen's sentencing argument. He argues that the district court erred in applying a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. "When a district court imposes an enhancement for obstruction of justice, [we] review[] the district court's factual findings for clear error and its application of the sentencing guidelines to those facts de novo." United States v. Uscinski, 369 F.3d 1243, 1246 (11th Cir. 2004).

Under section 3C1.1, a two-level sentencing enhancement is required when a defendant "provid[ed] a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of

7

the instant offense[.]" U.S.S.G. § 3C1.1, comment. (n.4(g)). To establish that a defendant's false statement significantly obstructed or impeded the investigation or prosecution, "the government must present evidence of what action it took that it would not have taken" but for the defendant's untruthfulness. United States v. Banks, 347 F.3d 1266, 1271 (11th Cir. 2003).

We conclude that the obstruction of justice enhancement was warranted in this case. Rushen provided a typed alibi statement to police, in which he denied his involvement in the robbery and detailed his alleged whereabouts on the day of the robbery. The district court concluded -- and we agree -- that the Rushen's alibi statement was false and material.

Although the district court did not make specific factual findings about whether Rushen's alibi statement "significantly obstructed or impeded" the investigation, such findings are unnecessary when, as in this case, the court "both adopts a presentence investigation report [("PSI")] that contains specific findings and the defendant fails to request that the court make more specific findings." United States v. Wayerski, 624 F.3d 1342, 1352 (11th Cir. 2010). Moreover, when the record reflects clearly the basis for the enhancement, we need not remand to the district court for additional findings. Uscinski, 369 F.3d at 1246 (concluding that a section 3C1.1 enhancement was warranted when the defendant

8

"did not simply deny his guilt, but instead concocted a false, exculpatory story that misled the government").

Here, the record establishes that the police spent significant investigation resources conducting interviews at the four local convenience stores listed in Rushen's alibi statement and reviewing a surveillance video from one of the stores. It also called two witnesses for the sole purpose of rebutting Rushen's alibi statement, spending prosecution resources it would not otherwise have had to spend.

AFFIRMED.