[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10728
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00189-MEF-SRW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN CAPRICE STOUDEMIRE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 4, 2012)

Before DUBINA, Chief Judge, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Appellant Allen Caprice Stoudemire appeals his 27-month sentence after a jury convicted him on one count of manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1).  He argues that the district court clearly erred when it failed to make adequate factual findings in support of an obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1.

We ordinarily review a district court's factual findings regarding the imposition of an enhancement for obstruction of justice for clear error, and the district court's application of the factual findings to the guidelines *de novo*. *United States v. Uscinski*, 369 F.3d 1243, 1246 (11th Cir. 2004).

"[I]n order to permit meaningful appellate review, a district court applying the obstruction of justice enhancement must specifically state what the defendant did, why that conduct warranted the enhancement, and how that conduct actually hindered the investigation or prosecution of the offense."  *United States v. Taylor,* 88 F.3d 938, 944 (11th Cir. 1996).  Where perjury underlies the enhancement, it is preferable that a district court "address each element of the alleged perjury in a separate and clear finding."  *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S. Ct. 1111, 1117, 122 L. Ed. 2d 445 (1993).  However, it is sufficient if the court makes a finding that encompasses all of the factual predicates for a finding of perjury.  *Id.*  Even where a district court fails to make individualized findings

2

regarding the obstruction of justice enhancement, if the record clearly reflects the basis for the enhancement, and supports it, a remand is unnecessary. *Taylor*, 88 F.3d at 944; *see also Uscinski*, 369 F.3d at 1246 (holding that, where record clearly reflected the basis for the district court's obstruction of justice enhancement, and the defendant did not dispute that his statements supported an enhancement, remand for additional findings was unnecessary); *United States v. Hubert*, 138 F.3d at 912, 915 (11th Cir. 1998) (stating that in the context of the record of the hearing, detailed findings were unnecessary and would have been redundant because the PSI, which the court adopted, spelled out the perjurious statements and the government elaborated on those statements at sentencing).

However, where a defendant fails to request more detailed perjury findings at sentencing, that defendant cannot then complain on appeal. *United States v. Gregg*, 179 F.3d 1312, 1317 (11th Cir. 1999); *see also Hubert*, 138 F.3d at 915 (stating that "[the defendant] did not request any particularized findings regarding the perjurious statements at the sentencing hearing. Having failed to do so, [the defendant] cannot now complain to this court").

Here, because (1) the record clearly reflected the basis for the obstruction enhancement; (2) the record supported the enhancement; and (3) Stoudemire failed to object at sentencing to the degree of specificity of the court's findings as to the

3

enhancement, remand for further findings is unnecessary.  Accordingly, we affirm Stoudemire's sentence.

**AFFIRMED.**