[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15727
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00134-WSD-LTW-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE DAREN DURRETT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 25, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Daren Durrett appeals his convictions and sentences for bribery and conspiracy to commit bribery, in violation of 18 U.S.C. §§ 666(a)(1)(B) and 371. On appeal, Durrett argues that the district court committed five errors. First, Durrett argues that the district court erred by refusing to dismiss the fourth superseding indictment against him because the allegations of conspiracy and bribery in the indictment were legally insufficient. Second, Durrett argues that the court abused its discretion by admitting certain exhibits under the business records exception to the hearsay rule. Third, he argues that the court erred in failing to apply the base offense level found in U.S.S.G. § 2C1.2 instead of § 2C1.1. Fourth, he argues that the district court erred in applying an eight-level sentence enhancement under § 2C1.1(b)(2). Finally, he argues that the court improperly applied a two-level enhancement, under U.S.S.G. § 3C1.1, for obstruction of justice.

For the reasons set forth below, we affirm Durrett's convictions and sentences.

## I.  Sufficiency of the Indictment

We review the district court's denial of a motion to dismiss the indictment for abuse of discretion, but the sufficiency of an indictment is a legal question that is reviewed *de novo*. *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011). "An indictment is considered legally sufficient if it: (1) presents the

2

essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id.* (quotation omitted). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th Cir. 2006) (quotation omitted). Nevertheless, even when an indictment "tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense . . . with which he is charged." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quotation omitted). "[T]he appropriate test . . . is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." *United States v. McGarity*, 669 F.3d 1218, 1235-36 (11th Cir.), *cert. denied*, 133 S. Ct. 378 (2012).

The district court did not err by refusing to dismiss the fourth superseding indictment against Durrett because the indictment was legally sufficient as to each count. With respect to Count 1, the indictment identified and tracked the language of the conspiracy and bribery statutes. In addition, Count 1 set forth the dates of the conspiracy, identified a co-conspirator, identified the location of the conspiracy, and identified Amin Budhwani as the person paying the bribes. *See*

3

*United States v. Yonn*, 702 F.3d 1341, 1348 (11th Cir. 1983) (upholding sufficiency of drug conspiracy indictment that recited the essential elements of the offense and provided the names of co-conspirators, the type of controlled substance, and the time frame and location of the conspiracy). The indictment further specified that Durrett had previously taken bribes from Budhwani, that Budhwani approached Durrett for assistance with a personal matter that had no connection to official police business, and that Durrett improperly used his official position to assist Budhwani. Finally, it alleged that Durrett committed the overt acts of introducing the co-conspirator to Budhwani and accepting money from Budhwani in return for taking official actions as a police officer. *Cf. Bobo*, 344 F.3d at 1084 (holding that the allegations of conspiracy were insufficient because, *inter alia*, "[t]he indictment contains no indication of what the government contended was unlawful about [defendant's] conduct"). Count 1 conforms to minimal constitutional standards. *See McGarity*, 669 F.3d at 1235-36.

The bribery charges in Counts 2 and 4 of the indictment are also sufficient. As with Count 1, both charges track the language of the bribery statutes, identify Budhwani as the person making the bribes, and allege locations and dates of the bribes alleged in each count. *Cf. Schmitz*, 634 F.3d at 1261 (holding that the allegations of fraud in the indictment were insufficient "because they provide absolutely no factual detail regarding the scheme to defraud"). Like the allegations

4

of conspiracy, the allegations of bribery "conform[] to minimal constitutional

standards." *See McGarity*, 669 F.3d at 1235-36.

## II.  Hearsay Objection

We review a district court's evidentiary rulings for abuse of discretion and

the factual findings underlying those rulings for clear error.  *United States v.*

*Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1492

(2013).  Under Federal Rule of Evidence Rule 803(6), business records are not

excluded as hearsay if they are kept in the course of a regularly conducted business

activity, and if it was the regular practice of the business activity to make the

records, all as "shown by the testimony of the custodian or another qualified

witness, or by a certification that complies with Rule 902(11) or (12) or with a

statute permitting certification."  We have held that Rule 803(6) requires "the

testimony of a custodian or other qualified witness who can explain the record-

keeping procedure utilized."  *United States v. Garnett*, 122 F.3d 1016, 1018-19

(11th Cir. 1997).  "The touchstone of admissibility under the business records

exception to the hearsay rule is reliability, and a trial judge has broad discretion to

determine the admissibility of such evidence."  *United States v. Bueno-Sierra*, 99

F.3d 375, 378 (11th Cir. 1996).

The district court did not abuse its discretion in admitting the business

ledgers prepared by Samir Somani and Amin Budhwani because they fall within

5

the business records exception to the hearsay rule.  First, with regard to the ledgers prepared by Somani, Somani testified that he maintained the ledgers in the normal course of business and that the entries in the ledgers were made at or near the time of the transactions reflected in them.  Somani testified about where the ledgers were kept in the store and confirmed that the records were not altered or changed other than the addition of several red arrows.  Although Somani no longer worked at Conoco at the time of the testimony, he was a qualified witness who "explain[ed] the record-keeping procedure utilized" at the time he created and maintained the records.  *See Garnett*, 122 F.3d at 1018-19.  The district court did not err in admitting these ledgers.

Second, with regard to the ledgers prepared by Budhwani, Budhwani testified that he maintained in the regular course of his businesses his own set of ledgers.  Although Budhwani obtained the information that he recorded in his ledgers from the ledgers prepared by his clerk, "the proponent of a document ordinarily need not be the entity whose first-hand knowledge was the basis of the facts sought to be proved."  *See Bueno-Sierra*, 99 F.3d at 379.  Budhwani made his ledgers within a day or two of when the cashier completed the daily ledgers, and it was well within the district court's "broad discretion" to conclude that this was within a reasonable time of the transaction for the purpose of establishing reliability.  *See id.* at 378.

6

The district court did not abuse its discretion by admitting the ledgers prepared by Somani and Budhwani into evidence.

## III.  Base Offense Level

The district court's legal interpretations of the sentencing statutes and Guidelines are reviewed *de novo*.  *United States v. Burge*, 407 F.3d 1183, 1186 (11th Cir. 2005).  Appendix A to the Guidelines states that one of two sections can apply to a conviction pursuant to 18 U.S.C. § 666(a)(1)(B)— either § 2C1.1 or § 2C1.2.  Section 2C1.1 applies to "a person who offers or gives a bribe for a corrupt purpose, such as inducing a public official to participate in a fraud or to influence such individual's official actions, or to a public official who solicits or accepts such a bribe."  U.S.S.G. § 2C1.1, cmt. background.  Section 2C1.2 "applies to the offering, giving, soliciting, or receiving of a gratuity to a public official in respect to an official act."  *Id.* § 2C1.2, cmt. background.  "Commentary in the Guidelines Manuel that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *United States v. Wright*, 607 F.3d 708, 712 (11th Cir. 2010) (quotation omitted).

The rule of lenity holds that where there is an ambiguity in a criminal statute, doubts are resolved in favor of the defendant.  *See United States v. Cruz*, 805 F.3d 1464, 1473 (11th Cir. 1986).  We apply the rule of lenity only if the

provision being construed is still ambiguous after application of normal rules of construction. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005).

Here, the district court did not err in applying the base offense level found in § 2C1.1 instead of § 2C1.2. Durrett was charged and convicted of receiving bribes, and the rule of lenity does not apply because § 2C1.1 is not ambiguous. *See id.*; *see also United States v. Anderson*, 517 F.3d 953, 962 (7th Cir. 2008) ("There is nothing ambiguous about § 2C1.1."). The district court did not err in applying the base offense level in § 2C1.1—applying to bribes—as opposed to the base offense level in § 2C1.2—applying to gratuities.

## IV. Loss Determination

The district court's factual findings generally are reviewed for clear error and its application of the Guidelines to those facts is reviewed *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). "[A] district court's determination of the amount of loss for sentencing purposes is reviewed for clear error." *United States v. Bonilla*, 579 F.3d 1233, 1239 (11th Cir. 2009). We review objections to sentencing calculation issues raised for the first time on appeal for plain error. *United States v. Frazier*, 605 F.3d 1271, 1282 (11th Cir. 2010). In order to show plain error, a defendant must demonstrate that (1) error existed, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error

8

seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013).

Section 2C1.1(b)(2) of the Sentencing Guidelines applies an enhancement for the greater of "the value of the payment" or "the benefit received or to be received in return for the payment" in connection with the bribe of a public official. For purposes of section 2C1.1(b)(2), these amounts are determined in accordance with application note three to the commentary for section 2B1.1, which provides that a defendant is responsible for loss that he reasonably should have known was a potential result of the offense. U.S.S.G. §§ 2C1.1 cmt. n.3; 2B1.1 cmt. n.3(A)(iv); *see also United States v. Valarezo-Orobio*, 635 F.3d 1261, 1264 (11th Cir. 2011) ("Relevant conduct includes not only the defendant's own acts in perpetration of the offense, but also all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." (quotation omitted)). For losses over $70,000, but less than $120,000, the offense level is increased by 8 levels. U.S.S.G. § 2B1.1(b)(1).

The district court did not clearly err in applying an eight-level enhancement, under U.S.S.G. § 2C1.1(b)(2), based on the value of the benefits received in return for the bribes. The district court calculated that the value of such benefits was $86,000; Durrett challenges three items counted by the district court in calculating the benefits: the $50,000 benefit to Budhwani related to the attempt to cause Imran

Chaudhry to leave the country; the $16,000 received by Budhwani from Somani; and the $10,000 received by Budhwani from Wedderburn. We reject each such challenge for the following reasons.

The district court did not err by accepting Budhwani's testimony that the value of the business was approximately $100,000 because business owners are competent to give an opinion as to the value of their property. Fed. R. Evid. 701, Advisory Committee Note, 2000 Amendments. The district court thus did not err by stating that the value of the bribe was Chaudhry's 50% share of the business at the time, or $50,000. And the district court did not error in finding that it was reasonably foreseeable to Durrett that Budhwani would have some financial motivation for seeking Durrett's assistance.

With regard to the $16,000 that Budhwani received from Somani, and the $10,000 Budhwani received from Wedderburn, the district court did not clearly err in determining that these amounts arose from reasonably foreseeable acts in furtherance of the conspiracy, and thus these amounts were properly attributed to Durrett.

The amounts contributing to the value of the benefits received were properly established and/or admitted, and the district court did not err in its calculation of the value received.

## V. Obstruction of Justice

10

We review a district court's factual findings regarding the imposition of an enhancement for obstruction of justice for clear error, and the district court's application of the factual findings to the Guidelines *de novo*. *United States v. Uscinski*, 369 F.3d 1243, 1246 (11th Cir. 2004). We "accord great deference to the district court's credibility determinations." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quotation omitted).

The Sentencing Guidelines provide for a two-level enhancement for obstruction of justice where the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction. U.S.S.G. § 3C1.1. The commentary to § 3C1.1 provides that obstruction of justice includes committing perjury. *Id.*, cmt. n.4(b). Four elements must be present for a finding of perjury: (1) testimony under oath that is (2) false, (3) material, and (4) given with the willful intent of falsehood. *Singh*, 291 F.3d at 763 n.4. For the purposes of § 3C1.1, 'material' means evidence, fact, statement, or information that, if believed, would tend to influence the issue under determination. U.S.S.G. § 3C1.1, cmt. n.6.

The district court did not clearly err by finding that Durrett lied at trial, nor did it err by finding that those lies constituted perjury and warranted an enhancement for obstruction of justice. The district court made detailed findings

11

about Durrett's willfully false testimony, and all of these findings were supported by the record.  Moreover, Durrett's falsehoods were material because they were directly relevant to the conspiracy and bribery charges.  *See id.*

## VI.  Conclusion

After thorough review of the record and the parties' briefs, we affirm Durrett's convictions and sentences.

AFFIRMED.