United States Court of Appeals,

Eleventh Circuit.

No. 96-2822.

UNITED STATES of America, Plaintiff-Appellee,

v.

Dock Charles HUBERT, Defendant-Appellant.

April 8, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 94-CR-04063-ALL), William Stafford, District Judge.

Before BARKETT, Circuit Judge, and GODBOLD and GOODWIN,[1] Senior Circuit Judges.

PER CURIAM:

The defendant, Dock Charles Hubert ("Hubert"), appeals the judgment of conviction, the enhancement of his sentence for obstruction of justice, and the district court's order denying his motion for a mistrial. We have jurisdiction to review the case under 28 U.S.C. § 1291. We affirm.

I.

On December 8, 1995, Hubert was found guilty by a jury on one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and on three counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Hubert filed a motion for a mistrial, arguing that the government wrongfully introduced testimonial evidence of other criminal acts allegedly committed by Hubert over a twenty-year span prior to the dates covered in the indictment in order to attack Hubert's character. Hubert claimed that this evidence unduly

---

[1]Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

prejudiced the jury and prevented him from getting a fair trial. The district court denied the motion for a mistrial and entered a judgment of conviction against Hubert on all four counts. The district court then sentenced Hubert to 300 months on each count, to run concurrently. This sentence was based on a guideline range of 292-to-365 months for a Criminal History Category I and a Base Offense Level of 38 which was enhanced to 40 for obstruction of justice because the district court found that Hubert had lied when he testified during trial and during earlier court hearings.

## II.

We first deal with Hubert's contention that the district court erred in not granting his motion for a mistrial. The indictment covers only the period of July 1992 to July of 1993. During the trial, however, the government elicited testimony from Richard Young about his prior drug dealings with Hubert going all the way back to the early 1970's. Richard Young, who had already pled guilty to his involvement in the charged conspiracy, testified that he and Hubert started using drugs in the 1970's; that he and Hubert had always been partners in drug dealing; that at one time he and Hubert had an apartment together in Miami from which they sold marijuana and powder cocaine; that in the late 1980's, Hubert supplied him with cocaine from time to time; that starting in 1990, Hubert regularly sold him cocaine powder which he would then cook into crack cocaine; and that in 1991, he and Hubert reaffirmed their drug dealing partnership, agreeing to a 50/50 split in profits.

The government claims that Richard Young's extensive testimony relating to his prior drug dealings with Hubert was necessary to explain the circumstances of the charged crimes and to clarify the relationship between Richard Young and Hubert. Hubert counters that the testimony was not relevant to establishing the relationship he had with Richard Young because there was no dispute that he and Richard Young had known each other and had been friends since childhood. Hubert argues that the government did not use the elicited testimony to explain the circumstances of the

charged crimes but rather to show that Hubert possessed a criminal character or otherwise had the propensity to commit the crime with which he was charged.

After reviewing the record, we have to agree with Hubert that Richard Young's testimony concerning drug activities prior to the 1991 alleged agreement was not necessary to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The testimony cannot be called necessary to impeach Hubert because Hubert had not taken the stand at the time Richard Young's testimony was offered. The testimony of events prior to the alleged agreement in 1991, therefore, had no value except to prove a criminal disposition in violation of the Federal Rule of Evidence 404(b). Accordingly, we hold that permitting the government to introduce the challenged testimony was an abuse of discretion.

This holding, however, does not mandate a reversal. If a reviewing court finds that a district court has abused its discretion in admitting evidence in violation of Rule 404(b), then its decision to uphold the conviction is properly reviewed under a harmless error standard. *See* Fed.R.Crim.P. 52(a). After reviewing the record, we hold that the district court's admission of Richard Young's testimony was harmless error. The evidence produced against Hubert at trial was substantial. Five witnesses gave consistent testimony concerning Hubert's participation in the charged conspiracy to possess cocaine base with intent to distribute. These witnesses also gave consistent testimony concerning Hubert's actual possession of cocaine powder and cocaine base with intent to distribute during the relevant time frame. Because any reasonable construction of the evidence would allow a jury to find Hubert guilty beyond a reasonable doubt on all four counts, we affirm the conviction. We conclude that the district court did not abuse its discretion in denying the motion for a mistrial. *United States v. Roper,* 874 F.2d 782, 788 (11th Cir.1989) (internal citations omitted).

III.

Next we deal with Hubert's contention that the district court erred in enhancing his sentence for obstruction of justice[2] based upon his testimony at trial and at two prior bond revocation hearings. Upon reviewing the record, we hold that the two-level enhancement was proper. Perjury under oath on material matters, not due to confusion or mistake, justifies such an increase. *United States v. Dunnigan,* 507 U.S. 87, 93-94, 113 S.Ct. 1111, 1115-16, 122 L.Ed.2d 445 (1993). Hubert may claim that the sentence enhancement impermissibly chills his constitutional right to testify but this argument has been soundly rejected by both this Circuit and the Supreme Court. *See United States v. Lawrence,* 972 F.2d 1580, 1580 (11th Cir.1992); *Dunnigan,* 507 U.S. at 96, 113 S.Ct. at 1117. Hubert may further object that the district court failed to make a sufficiently detailed finding that he committed perjury and obstructed justice, but in the context of the record of the hearing, detailed findings were not necessary and would have been redundant. The Pre-Sentence Investigation Report, which the district court adopted, spelled out the perjurious statements and the government elaborated on these perjurious statements during the sentencing hearing. More importantly, Hubert did not request any particularized findings regarding the perjurious statements at the sentencing hearing. Having failed to do so, Hubert cannot now complain to this court. *See United States v. Geffrard,* 87 F.3d 448, 453 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 443, --- L.Ed.2d ---- (1996).

AFFIRMED.

---

[2]Sentencing Guideline § 3C1.1 states in full: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the level by 2 levels." U.S.S.G. § 3C1.1.