[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12820
Non-Argument Calendar

_____

D. C. Docket No. 04-00103-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THONG C. TRAN,
a.k.a. Thong Tran,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 28, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Thong C. Tran appeals his convictions and 60-month concurrent sentences

for one count of bankruptcy fraud and two counts of making a false declaration/certificate/verification/statement under penalty of perjury in relation to a bankruptcy proceeding, in violation of 18 U.S.C. §§ 152 and 157. On appeal, Tran argues that the district court reversibly erred by denying Tran's motion to suppress his post-<u>Miranda</u>[1] statement when the court failed to address explicitly Tran's argument that, before receiving <u>Miranda</u> warnings, he had invoked his post-indictment Sixth Amendment right to counsel when he allegedly requested his bankruptcy lawyer's business card. Second, he argues that the evidence presented at his suppression hearing concerning the request for his bankruptcy attorney's card and the court's finding that he testified falsely was insufficient to support court's application of a two-level obstruction-of-justice enhancement under U.S.S.G. § 3C1.1.

## I. Invocation of the Right to Counsel

"A district court's ruling on a motion to suppress presents mixed questions of law and fact." <u>United States v. Ramirez-Chilel</u>, 289 F.3d 744, 748-49 (11th Cir. 2002). We are "required to accept the district court's factual findings as true unless they are clearly erroneous, but the district court's application of the law to the facts is reviewed <u>de novo</u>." <u>Id.</u> at 749 (quotation omitted).

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

"The Sixth Amendment provides that in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Texas v. Cobb, 532 U.S. 162, 167, 121 S.Ct. 1335, 1340, 149 L.Ed.2d 321 (2001) (quotation and alteration omitted). The Supreme Court has explained that:

> The Sixth Amendment right to counsel . . . is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.

Id. at 167-68 (quotation and alterations omitted). The Sixth Amendment attaches at the initiation of adversary judicial proceedings. Michigan v. Jackson, 475 U.S. 625, 631, 106 S.Ct. 1404, 1408, 89 L.Ed.2d 631 (1986). "[O]nce a criminal defendant invokes his Sixth Amendment right to counsel, a subsequent waiver of that right – even if voluntary, knowing, and intelligent under traditional standards – is presumed invalid if secured pursuant to police-initiated conversation." Michigan v. Harvey, 494 U.S. 344, 345, 110 S.Ct. 1176, 1177, 108 L.Ed.2d 293 (1990) (citing Jackson, 475 U.S. 625, 106 S.Ct. 1404). The district court must determine if the accused actually invoked his right to counsel. Smith v. Illinois, 469 U.S. 91, 95, 105 S.Ct. 490, 492, 83 L.Ed.2d 488 (1984). Whether a defendant has invoked his right to counsel is an objective inquiry. Davis v. United States, 512 U.S. 452,

3

458-59, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362 (1994).

In Davis, the petitioner was interviewed regarding his possible involvement in a homicide. Id. at 454, 114 S.Ct. at 2353. Before being interviewed, Davis waived his rights to remain silent and to counsel. Id. at 455, 114 S.Ct. at 2353. A hour and a half into the interview Davis said, "Maybe I should talk to a lawyer." At that point in the interview, the agents inquired as to whether the petitioner was asking for a lawyer or was just making a comment about a lawyer. Davis replied that he was not asking for a lawyer and that he did not want a lawyer. The interview then continued for another hour until Davis said, "I think I want a lawyer before I say anything else." The interview then ceased. Id. The Supreme Court stated that:

> if the suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning. Rather, the suspect must unambiguously request counsel.

Id. at 459, 114 S.Ct. at 2355 (citations omitted). The Supreme Court recognized that the requirement for a clear assertion of the right to counsel might disadvantage suspects who because of a lack of linguistic skills would not clearly articulate their right to counsel although they actually wanted to have a lawyer present. Id. at 460, 114 S.Ct. at 2356. Nonetheless, the Court believed requiring police officers to

4

make difficult judgment calls about whether a suspect invoked his right to counsel was more problematic. See id. at 461, 114 S.Ct. at 2356.

In the instant case, the district court did not make a specific finding as to whether Tran made his alleged request for his bankruptcy lawyer's card and, thus, did not explicitly address whether Tran invoked his right to counsel. Nevertheless, remand is unnecessary because, even if Tran had made the request to retrieve his bankruptcy lawyer's business card, this request was too ambiguous to have constituted an invocation of his right to counsel. See Davis, 512 U.S. at 459, 114 S.Ct. at 2355. As the Supreme Court has stated, a "suspect must unambiguously request counsel." Id. Here, Tran did not make an unambiguous request. Therefore, the district court did not err when it refused to grant Tran's motion to suppress.

## II.  U.S.S.G. § 3C1.1

"Although Booker[2] established a 'reasonableness' standard for the sentence finally imposed on a defendant, the Supreme Court concluded in Booker that district courts must still consider the Guidelines in determining a defendant's sentence." United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005)

---

[2] United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

5

(citations omitted). Moreover, "[n]othing in <u>Booker</u> suggests that a reasonableness standard should govern review of the interpretation and application as advisory of the Guidelines by a district court." <u>Id.</u> (reaffirming that the pre-<u>Booker</u> standard as to the Guidelines still applies). "Although under <u>Booker</u>, the Sentencing Guidelines are an advisory rather than a mandatory regime, the district court remains obliged to <u>consult</u> and <u>take into account</u> the Guidelines in sentencing." <u>Id.</u> (quotations omitted)(emphasis in original). "This consultation requirement, at a minimum, obliges the district court to calculate <u>correctly</u> the sentencing range prescribed by the Guidelines." <u>Id.</u> (emphasis in original).

Where the district court has to make a particularized assessment of the defendant's credibility or demeanor in determining whether U.S.S.G. § 3C1.1 applies, such as when applying the obstruction-of-justice enhancement for perjury, we accord special deference to the district court's credibility determinations and review for clear error. <u>United States v. Banks</u>, 347 F.3d 1266, 1269 (11th Cir. 2003).

Section 3C1.1 of the Sentencing Guidelines provides as follows:

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of the conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

6

The commentary to this section notes that "committing, suborning, or attempting to suborn perjury" is an example of conduct to which this enhancement applies. U.S.S.G. § 3C.1.1 cmt. n.4(b). The commentary also notes that "providing materially false information to a judge or magistrate" is an example of conduct to which this enhancement applies. Id., cmt. n.4(f). In addition, the commentary states that "'[m]aterial' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Id., cmt. n.6. We have held "that the threshold for materiality under the commentary to § 3C1.1 is conspicuously low." United States v. Odenina, 980 F.2d 705, 707 (11th Cir. 1993) (quotation omitted). For this enhancement to apply on a finding of perjury, the four elements of perjury must be present. See United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002). The four elements are "(1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." Id. at 763 n.4.

Furthermore, we have stated that "[w]hen applying this enhancement, the district court should make specific findings as to each alleged instance of

7

obstruction by identifying the materially false statements individually.  However, a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." Singh, 291 F.3d at 763 (quotations, citations, and alterations omitted).

Also, we have established standards for whether a defendant has waived the argument that he is entitled to particularized findings that perjury justifies an obstruction enhancement.  See United States v. Hubert, 138 F.3d 912 (11th Cir. 1998).  In Hubert, the appellant's sentence was enhanced for obstruction of justice based upon his trial testimony and his prior testimony at two hearings.  138 F.3d at 914-15 (11th Cir. 1998).  Hubert argued that the district court failed to make a sufficiently detailed finding that he committed perjury and obstructed justice.  Id. at 915.  While noting the detailed findings were not necessary given the sufficiency of the record, we concluded that, in any event, because Hubert failed to request particularized findings regarding the perjurious statements at the sentencing hearing, he waived this argument.  Id.

By failing to request that the court make particularized findings as to the perjurious testimony, Tran has waived this argument.  See Hubert, 138 F.3d at 915. Moreover, the court's general finding that Tran had committed perjury or made materially false statements is sufficient to support the application of the

8

enhancement.  See Singh, 291 F.3d at 763.  First, Tran testified under oath.

Second, the court concluded that Tran's testimony was false.  Third, Tran's

testimony was material because it "would tend to influence or affect the issue

under determination."  U.S.S.G. § 3C1.1, cmt. n.6.  Because the standard for

materiality under § 3C1.1 is "conspicuously low," the fact that Tran's alleged

request for his bankruptcy lawyer's card, if believed, was insufficient to invoke his

right to counsel does not negate the materiality of his testimony because it would

tend to influence the court.  See Odenina, 980 F.2d at 707.  Finally, it is apparent

from the record that Tran's testimony could not have been the result of mistake,

confusion, or faulty memory.

**Conclusion**

Because Tran's alleged request for his bankruptcy lawyer's business card

was insufficient to invoke his right to counsel and because the court's general

finding supports the application of the U.S.S.G. § 3C1.1 obstruction-of-justice

enhancement, we discern no reversible error.  Accordingly, based on a review of

the record and the parties' briefs, we affirm Tran's convictions and sentence.

**AFFIRMED.**