[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13471
Non-Argument Calendar

_____

D. C. Docket No. 06-00075-CR-001-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LEE TYLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 8, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

A federal grand jury in the Southern District of Georgia indicted Antonio

Tyler in Count One for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), in Count Two for use of a firearm in furtherance of the Count One offense, in violation of 18 U.S.C. § 924(c), and in Count Three for possession of firearms by a convicted felon, in violation of 18 §§ 922(g) and 924(a)(2).[1]  A jury convicted Tyler on Counts One and Three, but acquitted him on Count Two.  The district court sentenced Tyler to concurrent prison terms, 60 months on Count One and 72 months on Count Three.  He now appeals his sentences.

Tyler argues that, in determining the sentence range under the Guidelines, the district court erred by (1) failing to state with particularity its reasons for applying a two-level offense level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and (2) imposing a sentence above the Guideline range that amounted to an impermissible upward departure under U.S.S.G. § 4A1.3.

The court invoked the § 3C1.1 enhancement because it concluded that Tyler gave perjured testimony at his trial.  Tyler contends that the court did not make either particularized findings as to each element of perjury or a general finding of obstruction of justice that "encompasses all of the factual predicates for a finding of perjury."

---

[1]  Tyler stipulated that he was a convicted felon as alleged in Count Three.

Section 3C1.1 of the Guidelines permits a two-level enhancement for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . . ." U.S.S.G. § 3C1.1. The application notes include as covered conduct "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment. (n.4(b)). The Supreme Court has defined perjury in this context to be "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993).

When applying the § 3C1.1 enhancement, "the district court should make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually." Singh, 291 F.3d at 763 (quotation and alteration omitted). "However, a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." Id. (quotation omitted). Also, "a remand is unnecessary if the record clearly reflects the basis for enhancement." United States v. Uscinski, 369 F.3d 1243, 1246 (11th Cir. 2004). Where the presentence investigation report ("PSI") details the statements constituting the perjury, counsel elaborates on those

3

statements at the sentencing hearing, and the court adopts the PSI, detailed findings are not necessary. United States v. Hubert, 138 F.3d 912, 915 (11th Cir. 1998). Moreover, if the defendant does not request particularized perjury findings at the sentencing hearing, he cannot "complain to this court." Id. (citing United States v. Geffrard, 87 F.3d 448, 453 (11th Cir. 1996)).

In this case, the record fully supports the court's finding that Tyler committed perjury; and more particularized findings were unnecessary. Therefore, the district court did not plainly err in applying the enhancement for obstruction of justice pursuant to U.S.S.C. § 3C1.1

Tyler argues that the district court erred in considering his arrest record alone as a basis to increase his sentence above the Guidelines sentence range. He says that we should review a sentence above the sentence range according to the method for reviewing departures pursuant to U.S.S.G. § 4A1.3, even if the sentence was a variance from the sentence range pursuant to 18 U.S.C. § 3553(a).

We review the final sentence imposed by the district court for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). Unreasonableness may be procedural – when a court's procedure does not follow the requirements of Booker – or substantive. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

For a sentence to be procedurally reasonable, a district court must first correctly calculate the range under the Guidelines. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section [18 U.S.C. §] 3553(a) is sufficient under Booker." Id.

If the district court has committed no significant procedural error, we evaluate a sentence's substantive reasonableness for abuse of discretion, considering the totality of the circumstances, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." Gall v. United States, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of

the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7). We review only the final sentence for reasonableness, not each decision made in the process. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). The burden of showing that a sentence is unreasonable is on the party challenging the sentence. Talley, 431 F.3d at 788. There is a range of reasonable sentences. Id.

Section 4A1.3 of the Guidelines provides for an upward departure if a defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or likelihood for recidivism. U.S.S.G. § 4A1.3(a)(1). In determining the basis for an upward departure, a court may consider, among other things, "prior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(a)(2)(E). The court, however, cannot consider "a prior arrest record itself." U.S.S.G. § 4A1.3(a)(3). We have held that where the district court correctly calculated the advisory guidelines range, considered the adequacy of the range in light of the U.S.C. § 3553(a) factors, and exercised its discretion to impose a sentence outside the guidelines range, the district court imposed a variance rather than an upward

departure.  <u>United States v. Irizarry</u>, 458 F.3d 1208, 1211-12 (11th Cir. 2006), <u>cert. granted</u>, 128 S.Ct. 828 (Jan. 4, 2008).

The record shows that the court imposed an upward variance from the Guidelines sentence range and did not impose an upward departure pursuant to U.S.S.G. § 4A1.3.  The record further shows that Tyler's 72-months sentence was procedurally and substantively reasonable.  Based on its consideration of the § 3553(a) factors, the court did not abuse its discretion in imposing a sentence that was 10 months above the applicable guideline range.

AFFIRMED.