[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16567
Non-Argument Calendar

_____

D. C. Docket No. 08-14020-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHESTER MCCOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2009)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant Chester McCoy appeals his 120-month sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). No reversible error has been shown; we affirm.

McCoy challenges the trial court's decision to allow the prosecution to present evidence of McCoy's past conviction for possession of cocaine with intent to distribute under Federal Rule of Evidence 404(b). In addition, McCoy claims that the presentation of the evidence -- the arresting officer testified as both a lay and an expert witness -- violated Federal Rule of Evidence 403.

This Court reviews evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). This review is deferential. Since Federal Rule of Evidence 404(b) is a rule of inclusion, evidence should not be excluded when it is central to the prosecution's case. Id.

District courts may admit prior crime evidence under Rule 404(b) if the evidence is relevant to an issue other than the defendant's character, if the prior act was proved sufficiently to permit a jury determination that the defendant committed the act, and the evidence's probative value is not substantially outweighed by undue prejudice in accordance with Rule 403. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). McCoy alleges that the district

2

court erred in applying the first and third parts of the test.

McCoy alleges that his prior conviction was not relevant to the current case because his defense consisted of a denial of possession. McCoy claims that because his defense was based on a denial of possession, intent was not an issue at trial. He cites no law for this proposition. By pleading not guilty, McCoy made his intent a material issue at trial. "Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance[.] . . ." United States v. Cardenas, 895 F.2d 1338, 1344 (11th Cir. 1990) (internal citations omitted). The district court properly admitted evidence central to the prosecution's case.

McCoy's second allegation is that the district court failed to balance the probative value of the prior crime evidence against the danger it presented of unfairly prejudicing the jury, as required by Rule 403. McCoy argues the Rule 403 balancing was especially critical because the district court allowed Agent Kent to testify at length, first as an expert witness on the manufacture and distribution of crack cocaine and then as a lay fact witness concerning McCoy's 1999 conviction.

The district court, although troubled by Agent Kent's dual role, was unaware of any binding precedent that prohibited such testimony. (R4 at 201-02).[1]

---

[1] Other Circuits have dealt with this potential problem, and have left it to the discretion of the trial judge. See, e.g., United States v. Flores-de-Jesus, ___ F.3d ___, 2009 WL 1693440, *7 (1st Cir. 2009) ("[T]here is no prohibition against a witness testifying as both an expert and a fact witness[.] . . ."); United States v. Freeman, 498 F.3d 893, 904 (9th Cir. 2007). The notes to

3

The district court provided the jury with limiting instructions about Agent Kent's opinions as an expert. We see no reason to overturn an issue properly left to the trial court's discretion.

The evidence in this case was substantial. Even assuming, arguendo, that Agent Kent's dual capacity as an expert and as a lay witness heightened the possibility of undue prejudice, the error–if any–in the admission of the testimony was harmless. Cf., U.S. v. Hubert, 138 F.3d 912, 914 (11th Cir. 1998).

AFFIRMED.

---

the 2000 Amendment of Federal Rule of Evidence 701 make it clear that this practice was contemplated. "Certainly it is possible for the same witness to provide both lay and expert testimony in a single case."