[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-11361
Non-Argument Calendar

————————————————

D.C. Docket No. 1:11-cr-00035-SPM-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARIS LORENZO SCANES,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(July 24, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Tavaris Lorenzo Scanes appeals his conviction for possession with intent to

distribute Oxycodone and 500 grams or more of cocaine.  We affirm.

## I. BACKGROUND

A. Prior State Conviction

In January 2006, Officer Michael Petroczky of the Tallahassee Police Department conducted a traffic stop of Scanes's car. Following Scanes's arrest for an outstanding warrant, Officer Petroczky found a small bag containing 21 grams of cocaine in the front console of the car. In a Florida court, Scanes pled nolo contendere to the felony charge of possession with intent to sell or deliver cocaine, in violation of Florida Statute § 893.13(1)(a)(1), and adjudication was withheld.

B. Current Crime

At 3:00 a.m. on May 9, 2011, Deputy Jeremy Eckdahl of the Alachua County Sheriff's Office ("ACSO") stopped Scanes, who was driving a car that appeared to be in violation of state window-tint laws. Scanes had two passengers in his car. After noticing one of the passengers was sweating and shaking, Deputy Eckdahl requested backup. After a second officer arrived with a canine, Scanes appeared extremely nervous. Scanes was sweating, his hands were shaking, his mouth was dry, and his carotid artery was noticeably beating quickly. After the canine alerted to Scanes's car, officers found a black bag containing a DVD player and some clothes in the trunk of the car. A heat-sealed bag with 996.4 grams of cocaine and a package containing approximately 45 grams of Oxycodone were

2

found inside the DVD player.  Both packages were wrapped in duct tape.  Scanes's fingerprint was found on the tape on one of the packages.

Scanes was indicted and charged with possessing Oxycodone and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(B)(ii).  Prior to trial, Scanes filed a motion in limine to preclude the government from introducing evidence of his 2006 state conviction for possession with intent to distribute cocaine.  The district judge denied the motion.  The judge found (1) the prior conviction was relevant to Scanes's intent in this case; (2) the factual differences between the prior case and this case were not material to Scanes's intent; (3) the age of the prior conviction was not significant; and (4) the government had a strong need for the evidence.

The case proceeded to a jury trial.  The government called Officer Petroczky to testify regarding Scanes's 2006 conviction.  Officer Petroczky testified, prior to stopping Scanes, he had been looking for Scanes's car, because he "had warrants out for his arrest."  ROA at 733.  Following a defense objection, and in response to follow-up questions by the government, Officer Petroczky testified he had stopped Scanes because his license was suspended, and the tag light on his car was not operating.

Scanes moved for a mistrial and argued the government had introduced evidence of his additional criminal conduct without prior notice.  The district judge

3

denied the motion but cautioned Officer Petroczky not to volunteer information about other matters. The judge also instructed the jury not to consider evidence of Scanes's prior acts to decide if he committed the acts charged in the indictment. The judge explained the jury could consider that evidence for other limited purposes, which the judge would explain later in the proceedings. Following the judge's limiting instruction, Officer Petroczky testified, after he had stopped Scanes in 2006, he found 21 grams of cocaine in the center console of the car. The district judge admitted the state judgment showing, in June 2006, Scanes had pled nolo contendere to possession with intent to sell or deliver cocaine.

The government also called ASCO Deputy Travis Devinny, who had assisted in Scanes's post-arrest interview. He testified the retail value of 1 kilogram of cocaine in the area was approximately $32,000 to $33,000, and the retail value of Oxycodone was approximately $1 per milligram. Deputy Devinny further testified Scanes admitted owning the black bag found in the car he was driving in May 2011, as well as the clothes in the bag.

Scanes's brother, Terry Scanes, Jr., testified on Scanes's behalf. Terry Scanes testified Scanes was unemployed in May 2011. He further testified his brother had borrowed his car on May 9, 2011, and several family members had access to the car. Before Scanes borrowed the car, it had been parked at the home of his father, who previously had been convicted of cocaine trafficking. Scanes

testified he had never seen the DVD player or drug packages found in his brother's car before his arrest, and he had used gray duct tape from his father's home for various home and car repairs. Scanes also testified, at the time of his prior arrest and this arrest, he had been attending college, and, at the time of his Tallahassee arrest, he had been unemployed.

During the government's closing argument, the prosecutor asked the jury to consider the similarities between Scanes's prior arrest and the one in this case. The district judge instructed the jury that statements by the lawyers were not evidence and not binding on the jury, and the jurors' own recollection and interpretation of the evidence was controlling. The judge again instructed the jury not to consider evidence of prior acts by Scanes to decide if he had committed the acts charged in the indictment. In contrast, the judge explained the jury was permitted to consider evidence of similar acts committed on other occasions to decide whether Scanes had the state of mind or intent necessary for the crime charged or whether he had committed the charged acts by accident or mistake. The jury convicted Scanes.

On appeal, Scanes argues the district judge abused his discretion by admitting into evidence his prior cocaine-possession conviction, under Federal Rule of Evidence 404(b). He also argues the evidence was insufficient to support his conviction.

## II. DISCUSSION

A. <u>Admission of Prior Conviction</u>

We review a district judge's Rule 404(b) decisions for abuse of discretion. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (per curiam). We also review the denial of a motion for a mistrial for abuse of discretion. *United States v. Ettinger*, 344 F.3d 1149, 1161 (11th Cir. 2003). A defendant is entitled to a grant of a mistrial only upon a showing of substantial prejudice. *Id.*

Rule 404(b) prohibits the admission of evidence of a person's crimes or other wrongful acts except in certain circumstances. Fed. R. Evid. 404(b)(1)-(2). Nevertheless, Rule 404(b) is a "rule of inclusion," and relevant Rule 404(b) evidence "should not lightly be excluded" when it is central to the government's case. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation and internal quotation marks omitted). To be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than the defendant's character; (2) the government must offer sufficient proof for the jury to find the defendant committed the act by a preponderance of evidence; and (3) its probative value must not be substantially outweighed by its undue prejudice as well as satisfy Federal Rule of Evidence 403. *Matthews*, 431 F.3d at 1310-11; *see also* Fed. R. Evid. 403 (stating a judge may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues,

6

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence).

Where an extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in committing the extrinsic and charged acts. *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) (per curiam). Although the age of a prior offense may depreciate its probity, we have refrained from adopting a bright-line rule regarding temporal proximity, because remoteness analyses are so fact-specific "that a generally applicable litmus test would be of dubious value." *Matthews*, 431 F.3d at 1311 (citation and internal quotation marks omitted). An appellant bears a heavy burden in establishing an abuse of the judge's "broad discretion" in determining if a prior offense is too old to be probative. *Id.* (citation and internal quotation marks omitted); *see also United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (holding, in a prosecution for a large cocaine deal, the district judge did not abuse his discretion, when he admitted evidence that the defendant had participated in small marijuana deals approximately 15 years before the charged cocaine offenses).

A district judge's limiting instruction can reduce the risk of undue prejudice. *See Zapata*, 139 F.3d at 1358. Even if the district judge abused his discretion in admitting evidence in violation of Rule 404(b), we may still affirm if the error was harmless. *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998) (per

7

curiam); *see also* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Scanes has conceded his prior conviction satisfies the first two prongs of the Rule 404(b) admissibility test.  Regarding the third prong, Scanes has not shown the probative value of the prior conviction was substantially outweighed by the danger of undue prejudice.  *See Matthews*, 431 F.3d at 1310-11.  Scanes placed his knowledge and intent at issue by pleading not guilty.  *See id.* at 1298, 1311 (concluding the defendant had placed his intent at issue by pleading not guilty to conspiracy to distribute cocaine).  Scanes's prior conviction for possession with intent to sell or deliver cocaine was probative of his state of mind in this case.  Aside from the prior conviction, the only evidence of knowledge and intent presented by the government was the presence and amount of drugs found in the car Scanes was driving.  Absent other evidence of Scanes's state of mind, the prosecutorial need for the evidence was high.  *See United States v. Richardson*, 764 F.2d 1514, 1523 (11th Cir. 1985) (recognizing, where "[t]he government did not have overwhelming evidence of [the defendant's] predisposition to possess or distribute cocaine or his knowledge about such matters, . . .the [extrinsic] evidence had a relatively high incremental value and was not easily excludable").  The age of Scanes's prior conviction also does not weigh against its admissibility, because we have approved admission of much older prior drug transactions, and his

conviction from 2006 was not so remote that it lacked probative value. *See Lampley*, 68 F.3d at 1300 (finding evidence of approximately fifteen-year-old marijuana dealings admissible).

Although Officer Petroczky's testimony about outstanding warrants for Scanes in 2006 was improper, the testimony was brief and isolated, and the government immediately asked follow-up questions intended to clarify Scanes had an outstanding warrant for a suspended driver's license. Scanes has cited no authority suggesting this incident rose to the level of substantial prejudice to entitle him to a mistrial. *See Ettinger*, 344 F.3d at 1161. While Scanes asserts the government, in its closing argument, was required to stress the limited purpose of his prior conviction, he fails to cite any authority for this proposition. The district judge's limiting instructions and admonitions that the arguments of counsel were not evidence and were not binding on the jury served to mitigate any possible prejudice resulting from its admission. *See Zapata*, 139 F.3d at 1358 (recognizing "the district judge diminished the prejudicial impact of the [extrinsic] evidence by properly instructing the jury for what limited purpose the extrinsic evidence was to be used").

Scanes has not argued on appeal that the admission of his prior conviction violated Rule 403. *See* Fed. R. Evid. 403; *Matthews*, 431 F.3d at 1310-11.

Consequently, Scanes has not shown the district judge abused his discretion by admitting evidence of his prior conviction.

B. Sufficiency of the Evidence

We review de novo a district judge's denial of a motion for judgment of acquittal for sufficiency of the evidence. *United States v. Friske*, 640 F.3d 1288, 1290-91 (11th Cir. 2011). We consider the evidence in the light most favorable to the government and draw all reasonable inferences and credibility choices in the government's favor. *Id.* To sustain a conviction for possession with intent to distribute a controlled substance, the evidence must show the defendant knowingly possessed the controlled substance with the intent to distribute it. *United States v. Leonard*, 138 F.3d 906, 908 (11th Cir. 1998).

Circumstantial evidence may be used to prove a defendant's mental state. *See United States v. Westry*, 524 F.3d 1198, 1212 (11th Cir. 2008) (per curiam) (explaining circumstantial evidence may be used to prove the elements of a conspiracy, because it is "predominantly mental in composition" (citation and internal quotation marks omitted)). Evidence showing consciousness of guilt may support an inference of knowledge. *See Leonard*, 138 F.3d at 909. A jury reasonably may infer the driver of a car, in which drugs were hidden, possessed the drugs. *See id.* A reasonable jury also may infer a drug trafficker is unlikely to entrust a large quantity of valuable drugs to an innocent person without that

10

person's knowledge. *United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997) (per curiam). An intent to distribute similarly may be inferred from the amount of drugs involved. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005).

When a criminal defendant testifies, the jury is free to disbelieve him and consider his disbelieved statements as substantive evidence of guilt. *See United States v. Bacon*, 598 F.3d 772, 776 (11th Cir. 2010) (per curiam). At least where some corroborative evidence of guilt exists for a charged crime, a defendant's testimony denying guilt may help to establish elements of the crime. *United States v. Brown*, 53 F.3d 312, 314-15 (11th Cir. 1995). This proposition applies with special force to subjective elements, such as intent or knowledge. *Id.* at 315.

The jury was entitled to conclude Scanes knowingly possessed the drugs, because he was driving the car in which a large quantity of valuable drugs was found. *See Leonard*, 138 F.3d at 909; *Quilca-Carpio*, 118 F.3d at 722. Scanes's knowledge could also have been inferred based on Deputy Eckdahl's testimony that Scanes appeared extremely nervous during the traffic stop, which the jury could construe as consciousness of guilt. *See Leonard*, 138 F.3d at 909 (recognizing, while presence is not enough, "consciousness of guilt" may be inferred based on a defendant's behavior). Scanes argues expert testimony was required to show an intent to distribute based on the drug quantity. Given the

11

quantity, retail value of the drugs, and the fact that Scanes had no other source of income, the jury was entitled to infer an intent to distribute.  *Hernandez*, 433 F.3d at 1333.  Scanes's testimony denying knowledge of the drugs could also have been found by the jury to be false, and the jury could use that false testimony as substantive evidence of Scanes's guilt.  *Brown*, 53 F.3d at 314-15.

    **AFFIRMED.**