[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14473
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00434-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE E. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 12, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Eugene Davis appeals his convictions for conspiracy to possess with intent to distribute five or more kilograms of cocaine and 280 grams or more of cocaine base under 18 U.S.C. §§ 841(b)(1)(A), 846.  Davis contends that the district court abused its discretion by admitting Davis's prior drug convictions into evidence during his jury trial.  Specifically, Davis claims the government used the prior convictions as propensity evidence to bolster its witnesses and improperly suggest that he was guilty because he had been guilty in the past.  Even if the evidence was not used as improper propensity evidence, he argues that the prior convictions, which occurred more than 15 years before the conspiracy charged here, were too remote and lacked probative value because his intent was not at issue.

We review a district court's decision to admit or exclude evidence under Federal Rules of Evidence 403 and 404(b) for abuse of discretion.  United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005) (per curiam).  When employing an abuse of discretion standard, we must affirm unless we find that the district court has made a clear error of judgment or has applied the wrong legal standard.  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  An error in admitting evidence is harmless unless it caused "actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict."  United States v. Phaknikone, 605 F.3d 1099, 1109 (11th Cir. 2010) (quotation marks omitted).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, Rule 404(b) evidence must be (1) relevant to an issue other than the defendant's character; (2) established by sufficient proof to permit a jury to find that the defendant committed the extrinsic act; and (3) of probative value that is not substantially outweighed by undue prejudice so as not to violate Rule 403. Matthews, 431 F.3d at 1310–11.

Even if the district court abused its discretion by admitting Davis's prior convictions, the error was harmless.[1] Because of the overwhelming evidence of his guilt, the admission of the prior convictions in this case did not have a "substantial and injurious effect or influence in determining the jury's verdict." See Phaknikone, 605 F.3d at 1109; see also United States v. Hubert, 138 F.3d 912, 914 (11th Cir. 1998) (per curiam). Twelve co-conspirator witnesses testified about Davis's buying and selling cocaine and crack cocaine. These witnesses testified that Davis publically bragged about his drug dealing, and lived a flashy, expensive lifestyle that was inconsistent with his $8,500 of reported earnings during the

---

[1] We need not reach the issue of whether the district court abused its discretion because of our harmless error conclusion.

conspiracy's time period.  The government also presented evidence about Davis's attempts to threaten or retaliate against some of the witnesses.  Lastly, Davis took the stand in his own defense, testimony the jury was permitted to decide was false and which it could rely on as substantive evidence proving guilt.  See United States v. Vazquez, 53 F.3d 1216, 1225 (11th Cir. 1995).

Beyond that, the government did not focus on the convictions in opening or closing, and in particular did not rely on it as propensity evidence.  Other than to explain how Davis met one of the witnesses or lay out the sequence of events, the government's most specific reference to the prior convictions was to suggest that the cooperating witnesses' testimony was no less credible than Davis's because "[t]hey've all been to prison for drug dealing."  The risk of undue prejudice was also tempered by the court's limiting instructions, including that the jury "must not consider any [evidence of prior similar acts] to decide whether the defendant committed the facts charged now."  See United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007) ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was mitigated by the district court's limiting instruction to the jury.").

Because we conclude that any error in the district court's evidentiary ruling was harmless, we **AFFIRM.**