[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15184
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20056-JEM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


FRANCISCO PEREZ-LEYVA,

Defendant - Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(October 9, 2019)

Before WILLIAM PRYOR, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Francisco Perez-Leyva appeals his conviction for bank robbery and resulting 78-month sentence.  He challenges his conviction on the ground that the district court failed to permit him to withdraw his guilty plea and his sentence on the ground that the district court erred in applying an enhancement for obstruction of justice.  After careful review, we affirm.

## I.    BACKGROUND

Perez-Leyva was indicted on one count of possession of a firearm as a person with a felony conviction, in violation of 18 U.S.C. § 922(g), and one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  He was tried twice before he pled guilty; we recount those proceedings here.

Before his first trial, Perez-Leyva moved for a competency evaluation.  The district court ordered a psychological evaluation and held a competency hearing before finding Perez-Leyva competent to stand trial.  At his first trial, Perez-Leyva testified in his defense.  He testified that he was homeless when a man named Nilo Penton offered him shelter.  After some time, Penton demanded compensation for providing shelter and threatened to shoot Perez-Leyva, who lacked the means to compensate him.  Penton drove Perez-Leyva to a bank and held him at gunpoint, threatening to shoot if Perez-Leyva refused to rob the bank.  Perez-Leyva testified that he believed Penton's threat to be genuine, so he robbed the bank.  Perez-Leyva admitted, however, that he did not ask a bank teller to call 911, returned home with

Penton after the robbery, and tried to escape when law enforcement attempted to arrest him. The jury acquitted Perez-Leyva of the felon-in-possession charge and hung as to the bank robbery charge.

The government retried Perez-Leyva on the bank robbery charge. Before the jury rendered a verdict, however, Perez-Leyva pled guilty. The district court conducted a plea colloquy at which it placed Perez-Leyva under oath and advised him of the consequences of testifying falsely. Perez-Leyva testified that he had been treated for mental illness from 1987 to 1989, was currently taking medication for depression, and had not taken his medication the previous afternoon. When the district court asked if Perez-Leyva believed that his "mind [was] clear at this point and that [he was] able to understand the[] proceedings," Perez-Leyva said "Yes, I feel fine." Doc. 101 at 5.[1] He also acknowledged that he understood the charge against him and the penalties he faced. Perez-Leyva's counsel stated that he believed his client was competent. Perez-Leyva confirmed that the government's factual proffer—which did not mention Penton—was correct. After confirming that Perez-Leyva had not been promised anything, threatened, or coerced to plea; that he was satisfied with his counsel; and that he understood that he would be bound by his plea even if his sentence was more severe than he expected, the district court found that Perez-Leyva was "fully competent and capable of entering

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

an informed plea" and that "his plea of guilty [was] a knowing and voluntary plea." *Id.* at 12. The court accepted Perez-Leyva's plea.

Perez-Leyva thereafter sought to withdraw his guilty plea. He argued that his attorney misadvised him regarding his rights at trial and the sentence he was likely to receive as a result of pleading guilty. He also claimed that the district court was discriminating against him as a mentally challenged inmate. The district court held a hearing and denied Perez-Leyva's motion to withdraw his plea, finding his contentions meritless.

The probation office prepared a presentence investigation report ("PSR") in anticipation of sentencing. The PSR described the facts of Perez-Leyva's offense: Perez-Leyva entered a bank, approached the teller, and handed her a note, written in Spanish, that demanded cash. The teller did not speak or read Spanish but knew she was being robbed. Perez-Leyva pulled back his shirt and revealed what appeared to be a gun (but actually was a cell phone holster). That teller and one other gave Perez-Leyva a total of $10,993 in cash, and then Perez-Leyva left. Police came to Penton's and Perez-Leyva's home in connection with an unrelated investigation; Perez-Leyva fled but was apprehended. When police found Perez-Leyva, he was carrying $3,000 in cash. Perez-Leyva admitted to the robbery but claimed that Penton drove him to the bank and took the proceeds from the robbery. Penton denied any involvement in the robbery. The PSR also detailed Perez-

4

Leyva's mental health history.  Perez-Leyva had declined to be interviewed, so the history was based on his previous competency evaluation.  The PSR recounted that Perez-Leyva had a history of psychiatric illness and treatment.

The PSR calculated a total offense level of 24, which included a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on his purportedly false testimony from his first trial.  With a criminal history category of III, Perez-Leyva's guidelines range was 63 to 78 months' imprisonment, and his statutory maximum sentence was 20 years' imprisonment.  *See* 18 U.S.C. § 2113(a).

Perez-Leyva objected to the PSR.  As relevant here, he objected to the PSR's failure to mention Penton's role in the robbery.  He also objected to the obstruction of justice enhancement, denying that he had provided false testimony at trial.  In response the government presented testimony from Scott Selent, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives.  Selent testified that he interviewed Perez-Leyva after Perez-Leyva was arrested.  Perez-Leyva repeatedly denied that he had even been in a bank during the relevant time period until Selent said he would show Perez-Leyva evidence that might surprise him.  At that point, Selent testified, Perez-Leyva admitted to the robbery and claimed that he had been forced to do it.

5

The district court overruled the objections.  As to the obstruction enhancement, the district court found that Perez-Leyva "commit[ted] perjury during the first trial," explaining that his criminal history (which included two armed robbery convictions), lack of credibility (based in part on Selent's testimony), and possession of $3,000 cash upon his apprehension "belie[d] the fact that he was forced into this" by Penton.  Doc. 103 at 25, 29.  The court sentenced Perez-Leyva to 78 months' imprisonment.

This is Perez-Leyva's appeal.

## II.    STANDARDS OF REVIEW

We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).[2]  A district court's denial of a motion to withdraw a guilty plea will "be reversed only if its decision is arbitrary or unreasonable."  *Id.* (internal quotation marks omitted).

"The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement."  *United States v. Turner*, 626 F.3d 566, 572 (11th Cir. 2010) (internal quotation marks omitted).

---

[2] Perez-Leyva does not appear to have specifically argued to the district court that his mental health provided reason for withdrawal of his guilty plea.  We review only for plain error any alleged error not raised before the district court.  *United States v. Olano*, 507 U.S. 725, 731 (1993).  We need not decide whether to review Perez-Leyva's challenge for plain error, though, because his argument fails under either standard of review.

We review for clear error a district court's factual findings regarding an obstruction of justice enhancement and *de novo* the application of the law to those facts. *United States v. Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006). We "accord great deference to the district court's credibility determinations" as regards a perjury finding. *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Izquierdo*, 448 F.3d 1269, 1278 (11th Cir. 2006) (internal quotation marks omitted).

## III.    DISCUSSION

On appeal, Perez-Leyva challenges the district court's denial of his motion to withdraw his guilty plea and imposition of the obstruction of justice enhancement. We address these challenges in turn.

## A.    Guilty Plea

Perez-Leyva argues that the district court erred in denying his motion to withdraw his guilty plea. Under Federal Rule of Criminal Procedure 11, "[a] defendant may withdraw a plea of guilty . . . after the [district] court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." "In determining whether the defendant has met his burden, the district court may consider the totality of the circumstances

surrounding the plea." *Buckles*, 843 F.2d at 471-72. "Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted).

Perez-Leyva argues that his plea was not knowing and voluntary.[3] He contends that the district court's failure to ensure that his plea was knowing and voluntary before denying the motion to withdraw—particularly in light of the facts that he had received a competency evaluation and admitted to the district court that he failed to take his prescribed medication the day before he pled—was error.

We can discern nothing arbitrary or unreasonable about the district court's denial of Perez-Leyva's motion to withdraw his plea. The district court ordered a competency evaluation of Perez-Leyva prior to his first trial, and based on that evaluation found him competent. At the plea hearing, defense counsel stated his belief that Perez-Leyva was competent, and Perez-Leyva stated that he was satisfied with counsel's representation. Perez-Leyva also repeatedly indicated that

---

[3] Perez-Leyva does not argue that he lacked close assistance of counsel. And although he asserts that the balance of the *Buckles* factors favors withdrawal of his plea, we need not analyze those factors because we conclude that the district court was within its discretion to deny the motion to withdraw based on the first two factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (declining to give weight or "particular attention" to the third and fourth factors when "the appellant received close and adequate assistance of counsel and entered his plea knowingly and voluntarily").

he was capable of entering into a plea knowingly and voluntarily, affirming that he was able to understand the proceedings, including the charges against him and penalties he faced; stating that he "fe[lt] fine" despite missing a dose of his medication; and confirming that the government's factual proffer was correct. Doc. 101 at 5.  We apply a "strong presumption" that these statements are true, *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994), and Perez-Leyva has not offered anything to overcome that presumption.  Based on the totality of these circumstances, the district court's determination that Perez-Leyva pled guilty knowingly and voluntarily was not arbitrary or unreasonable.  The court therefore did not abuse its discretion in denying the motion to withdraw the plea.  *Buckles*, 843 F.2d at 471.  We affirm Perez-Leyva's conviction.

## B.    Obstruction of Justice Enhancement

Perez-Leyva next challenges the district court's application of a two-level obstruction of justice enhancement based on his testimony at his first trial. Specifically, he argues that the enhancement was not grounded in "any reliable and specific evidence" that Perez-Leyva had perjured himself when he testified that Penton pressured him to rob the bank and that the district court failed to make a specific finding as to which parts of his trial testimony amounted to perjury. Appellant's Br. at 20.  For the reasons that follow, we discern no clear error in the district court's finding.

9

The Sentencing Guidelines provide for a two-level obstruction of justice enhancement if the defendant "willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing." U.S.S.G. § 3C1.1. A defendant may obstruct justice by committing perjury. *Id.* § 3C1.1, cmt. n.4(b). "Perjury, for purposes of applying this enhancement, has been defined by the United States Supreme Court as 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *Singh*, 291 F.3d at 763 (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). "When applying this enhancement, the district court should make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually." *Id.* (alteration adopted) (internal quotation marks omitted). "However, a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." *Id.* (internal quotation marks omitted). Those factual predicates are: "(1) the testimony must be under oath or affirmation; (2) the testimony must be false; (3) the testimony must be material; and (4) the testimony must be given with the willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory." *Id.* at 763 n.4. A defendant who fails to "request any particularized findings regarding the perjurious statements at the sentencing

10

hearing . . . cannot now complain to this [C]ourt." *United States v. Hubert*, 138 F.3d 912, 915 (11th Cir. 1998); *see United States v. Geffrard*, 87 F.3d 448, 453 (11th Cir. 1996) (same).

As a preliminary matter, Perez-Leyva failed to request particularized findings regarding the district court's perjury determination; thus, he cannot now assert that the district court's failure to make such findings was error. *Hubert*, 138 F.3d at 915; *Geffrard*, 87 F.3d at 453. We therefore proceed to consider his other argument: that the district court's perjury determination was not substantiated by reliable, specific evidence. Perez-Leyva contends that, with no witnesses to contradict his version of the events, and in the absence of any elaboration in the PSR of the specifics of the alleged perjury, the government failed to establish that his trial testimony was false.

The district court's determination that Perez-Leyva gave false testimony at his first trial was based on a permissible view of the evidence and therefore was not clearly erroneous. *See Izquierdo*, 448 F.3d at 1278. The district court observed Perez-Leyva's demeanor during his trial testimony and found his credibility to be lacking; that determination is due deference. *See Singh*, 291 F.3d at 763. The court's finding that Perez-Leyva's trial testimony about Penton was false also was backed by Selent's testimony at the sentencing hearing. Selent's testimony showed that rather than telling the story of Penton's involvement in the

11

robbery promptly upon his apprehension, Perez-Leyva repeatedly denied even being in the bank until confronted with evidence otherwise.[4]  Moreover, the district court relied on additional facts to support the enhancement, including that Perez-Leyva previously had been convicted of two armed robberies and that he was carrying $3,000 in cash when he was apprehended.  The district court's conclusion that Perez-Leyva's trial testimony was false thus was supported by evidence.  Perez-Leyva does not appear to contest any of the other factual predicates for perjury; therefore, Perez-Leyva has not shown that the district court clearly erred in making a general finding that an obstruction of justice enhancement was warranted.  *See id.* at 763 & n.4.  We therefore affirm the sentence the district court imposed.

## IV.   CONCLUSION

For the foregoing reasons, we affirm Perez-Leyva's conviction and sentence.

**AFFIRMED.**

---

[4] Perez-Leyva is correct that the district court's obstruction of justice finding was not based on his statements to Selent as the actual obstructive conduct; however, Perez-Leyva's responses to Selent's questioning did provide the district court reason to find not credible Perez-Leyva's trial testimony about Penton.